**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT LAVIA, | No. 25-3517 |
| Plaintiff - Appellant, | D.C. No. 3:24-cv-00873-HL |
| v. | MEMORANDUM[*] |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Andrew D. Hallman, Magistrate Judge, Presiding

Submitted July 7, 2026[**]
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Vincent LaVia appeals the district court's order affirming the Commissioner of Social Security's denial of his application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and may reverse a denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citation omitted).

1. Substantial evidence supports the administrative law judge's ("ALJ") decision to discount LaVia's testimony because the ALJ provided specific, clear, and convincing reasons for rejecting LaVia's testimony about his subjective symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (setting forth analysis to determine the credibility of a claimant's testimony regarding subjective symptoms). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). The ALJ found that LaVia's "reported activities of daily living in the record not only show[ed] his recollection of the events and his functioning during the relevant time period [was] not very accurate," but "they also show[ed] his level of functioning was quite good with few if any limitations in spite of his mental medically determinable impairments." The ALJ cited evidence demonstrating LaVia's ability to perform tasks that went beyond mere everyday activities. The ALJ also found "significant inconsistencies between [LaVia]'s allegations of mental conditions that prevented him from working and findings in the medical

evidence of record." These inconsistencies included the fact that several events and symptoms about which LaVia testified occurred before his alleged disability onset date.

2. Substantial evidence also supports the ALJ's finding that two medical opinions were not persuasive, and the ALJ sufficiently articulated why the medical opinions were unsupported and inconsistent. *See Kitchen v. Kijakazi*, 82 F.4th 732, 739–40 (9th Cir. 2023). The ALJ explained that the medical opinions lacked supportability because they were issued several years after LaVia's date last insured, and the experts failed to explain how their retrospective assessments related back to the relevant period. *See Johnson v. Shalala*, 60 F.3d 1428, 1432–33 (9th Cir. 1995) (upholding ALJ's rejection of treating physician's opinion that claimant was totally and permanently disabled before the date when disability insurance expired where physician's retrospective assessment, conducted six years after expiration date, included no specific assessment of claimant's functional capacity before that date). The ALJ also explained that the medical opinions were inconsistent with the other medical evidence in the record that showed that LaVia had "largely normal mental status examinations" and that he engaged in "independent and active activities of daily living."

3. LaVia argues that the ALJ erred at step three by "failing to conduct an adequate analysis and failing to find [him] disabled as meeting or equaling a

3                                                                                              25-3517

Listing." LaVia asserts that "when the longitudinal record is considered in conjunction with the opinions of [the two experts], [he] is properly determined disabl[ed]." We affirm the ALJ under step three because LaVia's challenge could succeed only if we were to reverse the ALJ's determination as to the two medical opinions.

4. Finally, LaVia argues that the ALJ erred at steps four and five after the ALJ "improperly reject[ed] the disabling medical opinion evidence and Mr. LaVia's testimony." Because we affirm the ALJ's decision to discount the two medical opinions as well as LaVia's testimony, we also affirm the ALJ at steps four and five. *See Kitchen*, 82 F.4th at 742.

**AFFIRMED.**